## BROWN COMPANY *vs.* THEODORE BORST.

Middlesex.   January 11, 1929. — February 27, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Evidence,* Of value.   *Practice, Civil,* Exceptions: materiality.   *Contract,* Performance and breach.

In an action of contract upon an account annexed for "White Spruce" trees sold by the plaintiff to the defendant in 1925 to be delivered to the defendant at Framingham, the defendant in his answer made a general denial, alleged payment, and averred "that said plaintiff warranted and represented said stock to be of the variety offered and true to name, and shipped what purported to be White Spruce to the defendant in fulfillment of said order; that at the time said stock arrived, the plants were small and it did not appear that they were not of the variety ordered and true to name; that said defendant, relying on the plaintiff's warranty and representation, and believing that said stock was of the variety ordered and true to name, spent a considerable sum in planting, and further spent a considerable sum in cultivating

them after planting; that as said stock developed and took on new growth, it became apparent that there were several varieties of spruce intermingled and that most of said stock was not White Spruce and true to name, but was a mixture of varieties not readily salable in the defendant's business; that upon discovery of these facts, the defendant notified the plaintiff that the stock was of no value to him and that the cost of planting and cultivation was in excess of the value of the stock furnished; and furthermore, the defendant says that there is a custom in the nursery trade that, where stock is shipped which is not true to name, no charge will be made for such stock." The jury returned a verdict for the amount claimed in the declaration. Before the verdict was recorded, the judge asked the jury, "Did you find that all the trees delivered to the defendant were spruce trees?" They answered, "We did not." He then asked further: "Did you find that the value of the Norway trees delivered to the defendant was equal to or in excess of the fair value, if those trees had been white spruce trees?" They answered, "We did." *Held,* that

(1) It was proper to exclude, at the trial, a price list of a grower of trees in Illinois, showing that in 1925, 1926 and 1927, the price of Norway spruce was about one half the price of white spruce; such evidence would not show what the market price was in the vicinity of the defendant's place of business;

(2) In view of the answers of the jury, in substance that the trees delivered were as valuable as those contracted for by the defendant, the defendant was not harmed by the exclusion of evidence that when trees of the kind in question are planted there was a custom in the nursery business as to the time of sale and transplanting, that such trees were not to be offered for sale for two years and not to be disturbed, when transplanted, for a year.

CONTRACT, with a declaration on an account annexed containing two items of sales on April 29, 1925, as follows:

| | |
|---|---:|
| 100,000 2–1 White Spruce Transplants @ $10 | $1,000.00 |
| 42,550 2–2 TT White Spruce @ $11 | 468.05 |
| Total | $1,468.05 |

Writ dated March 31, 1927.

The answer was a general denial, an allegation of payment, and the following allegations: "that said plaintiff warranted and represented said stock to be of the variety offered and true to name, and shipped what purported to be White Spruce to the defendant in fulfillment of said order; that at the time said stock arrived, the plants were

small and it did not appear that they were not of the variety ordered and true to name; that said defendant, relying on the plaintiff's warranty and representation, and believing that said stock was of the variety ordered and true to name, spent a considerable sum in planting, and further spent a considerable sum in cultivating them after planting; that as said stock developed and took on new growth, it became apparent that there were several varieties of Spruce intermingled and that most of said stock was not White Spruce and true to name, but was a mixture of varieties not readily salable in the defendant's business; that upon discovery of these facts, the defendant notified the plaintiff that the stock was of no value to him and that the cost of planting and cultivation was in excess of the value of the stock furnished; and furthermore, the defendant says that there is a custom in the nursery trade that, where stock is shipped which is not true to name, no charge will be made for such stock."

In the Superior Court, the action was tried before *Keating*, J. It appeared that the goods were to be delivered at Framingham. Other material evidence and proceedings at the trial are described in the opinion. The jury found for the plaintiff in the sum of $1,658.40. The defendant alleged exceptions.

*L. D. Jennings*, for the defendant.

*W. H. S. Kollmeyer*, for the plaintiff.

CARROLL, J. This is an action of contract on an account annexed, to recover for goods sold and delivered. The answer was a general denial, payment, and a breach of warranty. The jury found for the plaintiff.

The plaintiff sold to the defendant "White Spruce" trees. The defendant contended that the trees were not white spruce but were a "mixture of varieties," many of them being "Norway spruces." When the verdict was returned the jury were asked, "Did you find that all the trees delivered to the defendant were spruce trees?" They answered, "We did not." They were then asked, "Did you find that the value of the Norway trees delivered to the defendant was equal to or in

excess of the fair value, if those trees had been white spruce trees?" They answered, "We did."

The defendant called at the plaintiff's place of business in the autumn of 1924, and negotiations began for the sale and purchase of the trees. Written correspondence between the parties followed. Finally the trees were ordered to be sent from the plaintiff's place of business, in New Hampshire, to the defendant, the plaintiff sending to the defendant an acknowledgment or confirmation of the order in writing, which stated the date of the order, a list of the trees ordered and their prices. It stipulated "We will replace free or refund the amount paid us for stock not true to name but are not liable for other damages. Claims for shortage must be made promptly." Other orders from the defendant to the plaintiff were acknowledged in the same form. The defendant testified that the mail coming to him was opened by a clerk; that "he never saw any of the 'confirmations of orders,' and the printed words at the bottom, limiting the liability of the plaintiff, was not called to his attention." The jury were fully instructed on this point. Whether the contract was completed before the confirmation was sent or was not completed until that time was a question upon which there was conflicting evidence.

Many of the questions which arose at the trial have become immaterial because of the finding of the jury that the defendant suffered no damage, that the trees he received were of the same value or in excess of the value of white spruce trees.

The value of the trees delivered was a disputed question at the trial. There was evidence offered by both the plaintiff and the defendant. The defendant offered the price list of a grower of trees in Illinois, showing that in 1925, 1926 and 1927, the price of Norway spruce was about one half the price of white spruce. This evidence was excluded. This was not a public market report showing the prices of commodities. *National Bank of Commerce* v. *New Bedford*, 175 Mass. 257, 261. It was the catalogue or price list of this grower, and was properly excluded. It had no tendency to show what

the market price was in the vicinity of the defendant's place of business.    There was no error in excluding this evidence.

The defendant also offered to prove a custom of trade, that when trees of the kind in question are planted there is a custom in the nursery business as to the time of sale and transplanting; that such trees were not to be offered for sale for two years and not to be disturbed when transplanted, for a year.    The judge excluded this evidence.    The jury's finding, that the trees delivered were as valuable as the ones the defendant contended he purchased, makes it unnecessary to discuss the question of the competency of this evidence.    It could not be successfully contended that, because of this custom, assuming it were established, the defendant was prevented from examining the trees and he would have no knowledge of their condition until a year or two after the delivery; and that by reason of the custom the measure of damages was the difference in market value in the Norway and white spruce trees when ready to be put on the market. The judge instructed the jury that if they found that the confirmation of the order was a part of the contract, they should assess the damages as of the date the trees were delivered to the defendant; but if they found that the confirmation of the order was not a part of the contract, then, if the defendant was entitled to damages, they should be assessed as of the date when the defendant discovered or should have discovered in the exercise of reasonable diligence that some of the trees were not white spruce trees.    In view of this instruction we do not think the defendant was in any way harmed by the exclusion of the evidence.

We find no error in the instructions given or in the refusal to give certain requests of the defendant.

*Exceptions overruled.*